UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MACKIE STEVEN MAY** | : | **CIVIL ACTION NO. 2:14-CV-499** |
| **FED. REG. NO. 05361-043** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for a writ habeas corpus (28 U.S.C. § 2241) filed by *pro se* petitioner Mackie Steven May. May is an inmate in the custody of the Federal Bureau of Prisons (hereinafter "BOP") and is currently incarcerated at the Federal Prison Camp in Montgomery, Alabama. However, at the time of filing, May was incarcerated at the Federal Correctional Institution in Oakdale, Louisiana (hereinafter "FCIO").[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons, IT IS RECOMMENDED that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. See *id.*; 28 U.S.C. § 2241(d).

## I.
### Background

On March 28, 1999, May was arrested in Mississippi on a gun charge. Doc. 1, att. 3, p. 2. He was released on bail the following day but was again arrested for a firearm charge on April 5, 1999, whereupon his bond was revoked. *Id*. While in state custody, May was transferred to a federal facility pursuant to a writ.[2] *Id*. He pled guilty to the federal charge of possession of a firearm by a convicted felon and, on November 19, 1999, the United States District Court, Southern District of Mississippi, sentenced him to fifty-four (54) months' imprisonment. *Id*. The federal judgment was silent as to service of his federal sentence. Doc. 1, att. 4, p. 13.

Following his federal sentencing, May was returned to state authorities in Scott County, Mississippi, to face criminal charges there. Doc. 1, att. 4, p. 6. On February 15, 2000, he was sentenced to fourteen (14) years'confinement for possession of a controlled substance. Doc. 1, att. 4, p. 13. The following June, May received an additional fifteen (15) year state sentence for a related drug crime. *Id*. Thereafter, he was not returned to federal custody. Doc. 1, att. 2, p. 3.

On May 1, 2012, the Circuit Court of Scott County, Mississippi, entered a *Judgment Nunc Pro Tunc* stating that it was May's and the court's understanding at sentencing that May was considered to be in federal custody, that he would serve his federal sentence first, and that the state sentences would run concurrent with the federal sentence. Doc. 1, att. 4, pp. 6-8. On January 18, 2013, the Scott County Circuit Court issued a *Clarification of Judgment Nunc Pro Tunc,* stating that May had completed his state sentence and that the BOP could take immediate custody of him. Doc. 1, att. 4, p. 10. May was released to BOP custody on February 8, 2013. Doc. 1, att. 4, p. 13.

---

[2] Since the primary reason for writ custody is not the federal charge, it is understood that the federal court merely borrows the prisoner under the provisions of the writ for the purpose of the court appearance. *Causey v. Civiletti*, 621 F.2d 691 (5th Cir. 1980).

Thereafter, May filed a request for administrative remedy (hereinafter "ARP") seeking to have his sentences run concurrently as well as sentence credit for time served in state custody. On June 6, 2013, an FCIO officer responded to May's request, noting: "[t]he Bureau's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors. If an inmate is in state custody, a *nunc pro tunc* order allows the Bureau of Prisons to begin that inmate's federal sentence on the date it is imposed." Doc. 1, att. 4, p. 24. On or about June 25, 2013, May received a response to his BP-9, wherein he was informed that his request was forwarded to the Designation and Sentence Computation Center for review. Doc. 1, att. 4, p. 22. May appealed the decision, and on November 15, 2013, the regional director responded, stating:

> Mississippi law enforcement officials confirmed you received credit on your state sentence for the time spent in federal custody pursuant to the federal writ. You received credit toward your state sentence from April 5, 1999, to February 8, 2013. You received presentence credit toward your federal sentenced from March 28, 1999, to March 29, 1999. On July 12, 2013, a review for a *nunc pro tunc* designation was conducted and denied. Therefore, your sentence has been computed as commencing on February 8, 2013, the day you were released from the state.

Doc. 1, app. 4, pp. 16 & 17.

May also appealed this decision (doc. 1, att. 4, p. 15) and on January 7, 2014, the National Inmate Appeals administrator responded to the appeal. Doc. 1, att. 4, pp. 13-14. Therein, May was informed that a retroactive concurrent, or *nunc pro tunc*, designation of his sentence was not appropriate.[3]  *Id*.  The response also stated that the federal sentencing judge

---

[3] A prisoner's request that he should receive credit for time spent in service of a state sentence prior to service of a federal sentence is viewed by the BOP as a request for retroactive *nunc pro tunc* concurrent designation pursuant to 18 U.S.C. § 3621(b). Under the BOP's *nunc pro tunc* designation procedure set forth in Program Statement 5160.05, "[w]here a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir.2010); *Hunter v. Tamez*, 622 F.3d 427, 429 & n. 2 (5th Cir.2010). The district court has no authority under Program Statement 5160.05 to make a *nunc pro*

was contacted and he was against a retroactive designation and, in fact, would have ordered the federal sentence to run consecutive to the state sentence had the state sentence been imposed first. *Id*.

In the petition before us, May asserts that the BOP refuses to grant him proper sentence credit for serving his federal sentence. Doc. 1, att. 2, p. 5. Specifically, he states that the BOP declines to acknowledge that his state and federal sentences run concurrently rather than consecutively. Doc. 1, att. 2, p. 6. He challenges the BOP's refusal to give him credit on his federal sentence for the time he spent in state custody, time credited toward his state sentence. He also challenges the BOP's decision not to make a *nunc pro tunc* designation of the state prison as the place where he commenced serving his federal sentence. In sum, May argues that the BOP has violated his constitutional rights by refusing to effectuate the state sentencing court's intention that his state sentence run concurrently with his federal sentence.

## II.
### *Law and Analysis*

Section 2241 of Title 28, *United States Code,* "is correctly used to attack the manner in which a sentence is executed." *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001) (citation omitted). A petition for a writ of *habeas corpus* may be granted by a district court if the prisoner can show "[h]e is in custody in violation of the Constitution or laws or treaties of the United States [.]" 28 U.S.C. § 2241(c)(3).

The calculation of credit for time served is determined by the provisions of 18 U.S.C. § 3585(b).[4] *United States v. Wilson,* 503 U.S. 329, 332 (1992). When time served has already been

---

*tunc* designation, but it may review a challenge to the BOP's refusal to make such a designation in a § 2241 petition. See *Pierce*, 614 F.3d at 160.

[4] ….
(b) A defendant *shall* be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

credited against a state sentence, the BOP is not required to credit that time to a federal sentence. *Leal v. Tombone,* 341 F.3d 427, 430 (5th Cir. 2003). [5]

May argues that he is owed credit for time served against his ongoing federal sentence for the time he spent in state custody. Reviewing the record, we see no reason to believe that the assertions set forth in the administrative replies are either inaccurate or untruthful. As previously noted, Regional Director, J.A. Keller clearly stated that, despite what the state court trial judge may have granted, "Mississippi law enforcement officials confirmed you received credit on your state sentence for the time spent in federal custody pursuant to the federal writ." Doc. 1, att. 4, p. 17. According to the Regional Director, credit was granted towards May's state sentence for the period of April 5, 1999, to February 8, 2013 and that credit toward his federal sentence was granted for the period from March 28, 1999, to March 29, 1999. *Id.* This assessment is not contradicted anywhere in the National Inmate Appeals Administrator's response, wherein the Administrator confirmed that the credit was applied against May's state sentence. Doc. 1, att. 4, p. 14. Thus, he has already been awarded credit for all time served, and 18 U.S.C. § 3585(b) has no further application.

Even assuming, *arguendo,* that the situation is as May alleges, particularly that the BOP failed to properly credit him for time served in accordance with the state court sentencing judge's *Nunc Pro Tunc* Judgment, he would nevertheless be without recourse because there is no support

---

       (1) as a result of the offense for which the sentence was imposed; or

       (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
 *that has not been credited against another sentence.*

18 U.S.C. § 3585(b)(2013) (emphasis added).

[5]The BOP also uses Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984)*, which states that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign."

for the contention that a state court judge has the authority to apply sentencing recommendations to a federal sentence. For example, in *Del Guzzi v. United States,* 980 F.2d 1269, 1270 (9th Cir. 1992), the petitioner pled guilty to a federal charge and was sentenced to a five year term. A week before he was required to turn himself in to federal officials, he was arrested on state charges, pled guilty, and was sentenced at the state level to a seven-year term to run concurrently with the pending five-year federal term. The state court judge recommended that the petitioner be transported to federal prison to serve his concurrent terms, but the federal officials refused, stating that they would only take him after he served his state term. *Id.* Upon release from his state sentence, he was immediately accepted into federal custody, and was then informed that he would not receive credit for his state custody. The Ninth Circuit found that the state sentencing judge had no authority to require federal officials to obey a state sentence recommendation. *Id.* The court further stated that there was "no authority to violate the statutory mandate that states federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody." *Id.* at 1271 (citing *Smith v. United States Parole Comm'n,* 875 F.2d 1361, 1364 (9th Cir. 1989)) (additional citations omitted).

In concurrence, Judge Norris stated that "the real consequences of the plea agreement were completely different than what the petitioner expected." *Del Guzzi,* 980 F.2d at 1271 (Norris, J., concurring). Pointing out that "[the petitioner], his lawyer, the prosecutor, and both the judge who accepted the plea agreement and the judge who entered the sentence all believed that [the petitioner's] sentences would run concurrently," the concurrence cautioned that the court's decision was putting state sentencing judges and state defense attorneys "on notice" that federal prison officials are under no obligation to follow the recommendation of state sentencing judges. *Id.*

The Fifth Circuit similarly gives little to no weight to the recommendations of state court sentencing judges as to the manner in which federal sentences are carried out. In *Leal v. Tombone,* 341 F.3d 427 (5th Cir. 2003), the state sentencing judge ordered the petitioner's five-year state sentence to run concurrently with his five-year federal sentence, to be served at a federal correctional facility. *Id.* at 427–28. The petitioner sued, alleging a due process violation, when federal authorities failed to credit his federal sentence with time spent incarcerated in state prison. *Id.* at 427. Ultimately, relying in part on *Del Guzzi*, *supra* the Fifth Circuit held that the "BOP was not required to credit that time toward [the petitioner's] federal sentence." *Id.* at 430. See also *Hunter v. Tamez,* 622 F.3d 427, 430–31 (5th Cir. 2010).

Given the lack of authority granted to state court judges under the case law of the Fifth Circuit—and indeed, most circuits—we find no authority for the proposition that a state court judge could dictate to the BOP the amount of credit the petitioner might be awarded for presentence time served.

### III.
### Conclusion & Recommendation

In the present case, it is clear that all of May's time served has already been credited. Petitioner's sentence calculation comports with 18 U.S.C. § 3585(b), and he has not shown that he is in custody in violation of the Constitution and laws of the United States. Thus, his petition for habeas corpus must be dismissed.

Accordingly,

**IT IS RECOMMENDED THAT** May's Application for Writ of Habeas Corpus be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 18th day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE